1  Ahren A. Tiller, Esq. [SBN: 250608]
   BLC Law Center, APC
2  1230 Columbia St., Ste 1100
   San Diego, CA 92101
3  Phone (619) 894-8831
   Facsimile: (866) 444-7026
4  Email: Ahren.Tiller@blc-sd.com

5  Attorneys for Plaintiff
   MICHAEL PIERCEALL

6

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11                                    Case No.:  **'21 CV76    MMA MDD**

12  MICHAEL PIERCEALL
                                      **COMPLAINT FOR DAMAGES
13               Plaintiff,           FOR (1) VIOLATIONS OF THE
                                      ROSENTHAL FAIR DEBT
14       vs.                          COLLECTION PRACTICES ACT
                                      (CAL. CIV. CODE §§ 1788-1778.32);
15  SYNCHRONY BANK,                   AND (2 & 3) VIOLATIONS OF THE
                                      TELEPHONE CONSUMER
16                                    PROTECTION ACT (47 U.S.C.
                 Defendant,           §227)
17
                                      JURY TRIAL DEMANDED
18

19

20               **COMPLAINT FOR DAMAGES**

21                  **INTRODUCTION**

22  1. MICHAEL PIERCEALL (hereinafter referred to as "Plaintiff"), by and through

23     his Counsel of record, brings this action against SYNCHRONY BANK,

24     (hereinafter referred to as "Synchrony" or "Defendant") pertaining to actions by

25     Defendant to unlawfully collect a debt allegedly owed by Plaintiff, including but

26     not limited to, collection via the use of an Automated Telephone Dialing System

27     ("ATDS") and/or Artificial or Prerecorded Voice in violation of the Telephone

28     Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and the Rosenthal

                              - 1 -

1    Fair Debt Collection Practices Act ("RFDCPA" [Cal. Civ. C. §§ 1788-1788.32]),

2    thereby invading Plaintiff's privacy, and causing Plaintiff damages.

3    2. The California legislature determined that unfair or deceptive collection practices

4    undermine the public confidence which is essential to the continued functioning of

5    the banking and credit system.  The legislature further determined there is a need

6    to ensure that debt collectors and debtors exercise their responsibilities to one

7    another with fairness, honesty, and due regard for the rights of others.  The

8    legislature's explicit purpose of enacting the Rosenthal Fair Debt Collection

9    Practices Act of California (hereinafter "RFDCPA") was to prohibit debt

10   collectors from engaging in unfair or deceptive acts or practices in the collection

11   of consumer debts and to require debtors to act fairly in entering into and honoring

12   such debts.[1]

13   3. The Telephone Consumer Protections Act (hereinafter referred to as "the TCPA")

14   was designed to prevent calls like the ones described within this complaint, and to

15   protect the privacy of citizens like Plaintiff.  "Voluminous consumer complaints

16   about abuses of telephone technology – for example, computerized calls

17   dispatched to private homes – prompted Congress to pass the TCPA." *Mims v.*

18   *Arrow Fin. Servs.*, LLC, 132 S. Ct. 740, 744 (2012).

19   4. In enacting the TCPA, Congress specifically found that "the evidence presented to

20   Congress indicates that automated or prerecorded calls are a nuisance and an

21   invasion of privacy, regardless of the type of call . . ." *Id.* at §§ 12-13. See also,

22   *Mims,* 132 S. Ct., at 744.

23   5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding

24   calls similar to this one:

25

26       The Telephone Consumer Protection Act … is well known for its provisions
         limiting junk-fax transmissions. A less-litigated part of the Act curtails the

27

28

---

[1] CA Civil Code §§ 1788.1(a)-(b)

use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012)

6. Plaintiff makes the allegations contained herein on information and belief, except as to those allegations regarding himself, which are made on personal knowledge.

## JURISDICTION AND VENUE

7. This action is based on Defendant's violations of the RFDCPA found in California Civil Code §§ 1788 - 1788.32; and the TCPA found in Title 47 of the United States Code Section 227, *et seq.*.

8. This Court has jurisdiction over Defendant, pursuant to 28 U.S.C. § 1331, as the unlawful practices alleged herein involve a federal question under the TCPA.

9. This Court has jurisdiction over the Defendant, as the unlawful practices alleged herein occurred in California, in the County of San Diego and violated California's Civil Code §§ 1788 - 1788.32.

10. This Court further has supplemental jurisdiction over Plaintiff's California Causes of action, pursuant to 28 U.S.C. § 1367(a), as Plaintiff's California state law claims are so related to Plaintiff's Federal TCPA claims in this action, that they form part of the same case or controversy.

11. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b)(1)-(2), because all or some of the unlawful practices and violations of law alleged herein occurred and are occurring in the County of San Diego, California. Furthermore, Defendant regularly conducts business within State of California, County of San Diego, and Plaintiff resides in San Diego County, California.

*PIERCEALL v. SYNCHRONY BANK, - Complaint for Damages*

**PARTIES**

12. Plaintiff is, and was at all times mentioned herein, a natural person residing in the County of San Diego, in the State of California.

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and therefore Plaintiff is a "debtor" as that term is describe by Cal Civ. Code §1788.2(h).

14. On information and belief, Defendant Synchrony is a National Banking Association. Plaintiff alleges that Synchrony Bank is, and at all times mentioned herein was, chartered as a national bank, with its primary business address in Utah, and doing business throughout the country, including this District. Synchrony Bank is, and at all times mentioned herein was, registered with the California Secretary of State.

15. Defendant Synchrony regularly attempts to collect through the use of mails, electronic communication, and telephone, "consumer debts" allegedly owed to it, as that term is defined by Cal. Civ. Code §1788.2(f).

16. When individuals owe Synchrony debts for regular monthly payments on consumer loans and credit cards, and other similar obligations, Synchrony collects on those consumer debts owed to it through the mail, electronic communication, and telephone.  Therefore, Synchrony is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c), and engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

17. At all times relevant hereto, Defendant used, controlled and or operated an "automatic telephone dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227(a)(1) and/or placed calls to Plaintiff's cellular telephone using an automated or prerecorded voice ("Recorded Voice") as that term is defined in 47 U.S.C. § 227(b)(1)(A).

18. Defendant is, and all times mentioned herein, was a corporation and "person," as

1    that term is defined by 47 U.S.C. § 153(39).

2    19. This case involves money, property, or their equivalent, due or owing or alleged

3       to be due or owing from a natural person by reason of a consumer credit

4       transaction.  Thus, this action arises out of a "consumer debt" and "consumer

5       credit" as those terms are defined by Cal. Civ. Code §1788.2(f).

6

7                          **GENERAL ALLEGATIONS**

8    20. Plaintiff realleges and incorporates by reference all preceding paragraphs,

9       inclusive, as if fully set forth herein.

10   21. On or about 2012, Plaintiff was issued a PayPal-branded Synchrony Credit Card

11       with account number ending: 3414, and subsequently Plaintiff was issued an

12       Amazon-branded Synchrony credit card with account number ending: 5155.

13       The two (2) aforementioned credit card accounts were issued, serviced, and

14       collected upon by Defendant Synchrony.

15   22. Plaintiff made payments toward the aforementioned Synchrony credit card

16       accounts when he took them out, and maintained good standing until October of

17       2020, when unfortunately, Plaintiff fell on financial hardship and was unable to

18       maintain the aforementioned Synchrony credit accounts' regular monthly

19       payments.

20   23. Upon going into default on said Synchrony's credit card accounts, agents for

21       Synchrony called Plaintiff multiple times and requested payment through the use

22       of an ATDS and/or a Recorded Voice, often 4-5 times per day, almost every

23       single day.

24   24. The aforementioned collection calls were made to Plaintiff's cellular telephone.

25   25. Plaintiff sought out and retained an attorney to represent him with regards to the

26       debts allegedly owed to Synchrony.

27   26. On November 11, 2020, an associate attorney at Plaintiff's Counsel's office,

28       drafted and mailed a Cease-and-Desist letter, whereby Plaintiff's Attorney

identified the Synchrony account ending in 3414 and stated in writing that Plaintiff was revoking consent to call him via the use of an ATDS, that that Plaintiff had retained Counsel, and that Synchrony needed to cease calling Plaintiff pursuant to the RFDCPA ("Letter").  Said Letter clearly informed Synchrony that Plaintiff was represented by Counsel, thus said Letter constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any debt allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding alleged consumer debt(s) owed to Synchrony by Plaintiff must be directed exclusively to Plaintiff's attorney, and said Letter clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system phone, text, or other method, including but not limited to calls with a pre-recorded or automated voice messages.

27. On November 13, 2020, the same associate attorney at Plaintiff's Counsel's office, drafted and mailed a 2nd Cease and Desist letter to Synchrony at another address owned and operated by Defendant for the identifying the 2nd Synchrony Credit Account, whereby Plaintiff's Attorney identified the Synchrony account ending in 5155 and stated in writing that Plaintiff was revoking consent to call him via the use of an ATDS, that that Plaintiff had retained Counsel, and that Synchrony needed to cease calling Plaintiff pursuant to the RFDCPA ("Letter"). Said Letter clearly informed Synchrony that Plaintiff was represented by Counsel, thus said Letter constituted written notice pursuant to Cal. Civ. Code §§ 1788.14(c) that Plaintiff was represented by an attorney with respect to any debt allegedly owed to or serviced by Defendant, and request was thereby made that all communications regarding any alleged consumer debt(s) owed to Synchrony by Plaintiff must be directed exclusively to Plaintiff's attorney, and said Letter clearly revoked any prior consent to contact Plaintiff via the use of an automated dialing system phone, text, or other method, including but not limited to calls

1  with a pre-recorded or automated voice messages.

2  28. Despite Defendant receiving both Plaintiff's Attorney's Letters dated November

3  11, 2020, and the 2nd Letter dated November 13, 2020, Defendant continued to

4  call Plaintiff's cellular telephone and request payments through the use of an

5  ATDS and/or a Recorded Voice, often 4-5 times per day, almost every single

6  day.

7  29. Between November 11, 2020 and up through all of January of 2021, Plaintiff

8  would pick up the phone often, yet the collection calls made by Synchrony were

9  usually made by an automated dialer. Occasionally over that time period,

10  Plaintiff would answer his cellular telephone and there would be a live

11  representative of Synchrony on the line.  On those occasions, he repeatedly

12  informed the representative of Synchrony that he had retained Counsel, and told

13  them to stop calling him.

14  30. However, despite receipt of both the November 11, 2020 Letter and the

15  November 13, 2020 Letter referenced above, as well as multiple oral notices via

16  Plaintiff that Mr. Pierceall had revoked consent to be called via an ATDS and

17  had retained counsel regarding the subject debt, representatives of Synchrony

18  have continued to call Plaintiff in excess of one-hundred (100) times on his

19  cellular telephone via the use of and ATDS and/or Pre-Recorded Voice

20  messages.

21  31. Defendant has called Plaintiff over one-hundred (100) times in total, after receipt

22  in writing and orally of notice that Plaintiff revoked any prior consent to call

23  Plaintiff via the use of an ATDS and/or Recorded Voice, notice that he had

24  retained Counsel for any debts owed to Synchrony, and an explicit warning that

25  all direct contact with Plaintiff should cease pursuant to the RFDCPA.

26  32. Further, Plaintiff spoke to agents for Synchrony on more than one occasion and

27  stated that they should not be calling him on his cellular telephone, and reiterated

28  that he had retained Counsel who had sent Cease and Desist Letters to

Synchrony.

33. In said telephone calls, Plaintiff orally revoked any alleged prior consent to call Plaintiff via the use of an ATDS and/or Recorded voice.  Despite said oral revocation, agents for the Defendant continued to call Plaintiff using an ATDS and/or Recorded Voice

34. Despite having received Plaintiff's letters sent to multiple addresses of Defendant, Synchrony continues to call Plaintiff to date, often multiple times per day in rapid succession, which is indicative of a computerized ATDS.

35. Synchrony, or its agents or representatives, have contacted Plaintiff on his cellular telephone over one-hundred (100) times since November 13, 2020, including through the use of an ATDS and/or Recorded voice as those terms are defined by 47 U.S.C. § 227(a)(1) and/or 47 U.S.C. § 227(b)(1)(A).

36. Many of the Defendant's calls to Plaintiff after receiving the letter contained an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

37. The multiple calls made by Defendant or its agents after November 13, 2020 were therefore made in violation of 47 U.S.C. § 227(b)(1).

38. Despite receipt of Plaintiff's Attorney's two (2) letters sent to Defendant's corporate mailing addresses, and verbal notice from Plaintiff to cease calling Plaintiff's cellular telephone via the use of an ATDS and/or Recorded Voice, all of which provided irrefutable notice that Plaintiff had revoked consent to call his cellular telephone by any means and that she had retained Counsel regarding these alleged debts, Defendant Synchrony continues to contact Plaintiff repeatedly to date.

*PIERCEALL v. SYNCHRONY BANK, - Complaint for Damages*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CAUSES OF ACTION**

**I.**

**FIRST CAUSE OF ACTION**

**Violations of California Rosenthal Fair Debt Collection Practices Act**

**(California Civil Code § 1788.14(c))**

39. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

40. When Plaintiff's Counsel sent the cease-and-desist letters to Synchrony, Defendant Synchrony was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney.

41. When Plaintiff orally stated to representatives for Synchrony that he was represented by Counsel, Synchrony was aware, or reasonably should have been aware, that Plaintiff was represented by an attorney, and that Plaintiff was exerting his rights not to be contacted directly regarding this debt.

42. Cal. Civ. Code §1788.14(c) provides in relevant part,

> No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:
>
> (c)  Initiating communications, other than statements of account, with the debtor with regard to the consumer debt, when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt and such notice includes the attorney's name and address and a request by such attorney that all communications regarding the consumer debt be addressed to such attorney, unless the attorney fails to answer correspondence, return telephone calls, or discuss the obligation in question.   This subdivision shall not apply where prior approval has been obtained from the debtor's attorney, or where the communication is a response in the ordinary course of business to a debtor's inquiry.

43. By calling Plaintiff on his cellular phone one-hundred (100) times after receipt of the letters from Plaintiff's Counsel, Synchrony violated Cal. Civ. Code §1788.14(c).

44. As a result of the constant collection calls by Synchrony, Plaintiff has experienced anxiety, fear and uneasiness, has had difficulty sleeping, and has at

times been unable to calm down as the constant and harassing collection calls by Synchrony are overwhelming.  Therefore, Plaintiff has suffered emotional distress as a result of Defendant's violations of Cal. Civ. Code §1788.14(c).

## II.

### SECOND CAUSE OF ACTION

### Negligent Violations of the TCPA

### (47 U.S.C. § 227 Et. Seq.)

45. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

46. Through the letters from Plaintiff's Counsel, and orally, Plaintiff revoked any alleged consent for Synchrony or its agents or representatives to call Plaintiff on his cellular telephone via the use of an ATDS and/or Recorded Voice.

47. The foregoing acts and omissions of Synchrony constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

48. As a result of Synchrony's negligent violations of 47 U.S.C. §227, *et. seq.*, Plaintiff is entitled to an award of $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

49. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

## III.

### THIRD CAUSE OF ACTION

### Knowing and/or Willful Violations of the TCPA

### (47 U.S.C. § 227 Et. Seq.)

50. Plaintiff realleges and incorporates by reference all preceding paragraphs, inclusive, as if fully set forth herein.

51. Through the letters sent by Plaintiff's Counsel, and oral notice from Plaintiff,

1  Plaintiff revoked any alleged consent for Synchrony or its agents or

2  representatives to call Plaintiff on his cellular telephone via the use of an ATDS

3  and/or Recorded Voice.

4  52. The foregoing acts of Synchrony constitute numerous and multiple knowing

5  and/or willful violations of the TCPA, including but not limited to each and

6  every one of the above-cited provisions of 47 U.S.C. § 227, *et. seq.*

7  53. Therefore, since Synchrony or its agents or representatives continued to call

8  Plaintiff despite indisputably being informed not to call Plaintiff on multiple

9  occasions through multiple different means, and that Plaintiff had revoked any

10  alleged prior consent to call Plaintiff's cellular telephone via the use of an ATDS

11  and/or Recorded Voice, Synchrony's acts were willful.

12  54. As a result of Synchrony's knowing and/or willful violations of 47 U.S.C. §227,

13  *et. seq.*, the Plaintiff is entitled to an award of $1,500 in statutory damages, for

14  each and every one of their over one-hundred (100) violations pursuant to 47

15  U.S.C. § 227(b)(3)(C).

16  55. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in

17  the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

18

19  **<u>PRAYER FOR RELIEF</u>**

20  WHEREFORE, Plaintiff having set forth the claims for relief against

21  Defendant Synchrony herein, respectfully request this Court enter a Judgment against

22  Defendant as follows:

23  a.  As to the First Cause of Action, an award of actual damages pursuant to Cal. Civ.

24  Code §1788.30(a) according to proof;

25  b.  As to the First Cause of Action, an award of statutory damages of $1,000.00

26  pursuant to Cal. Civ. Code §1788.30(b);

27  c.  As to the First Cause of Action, an award of reasonable attorney's fees and costs

28  pursuant to Cal. Civ. Code §1788.30(c);

*PIERCEALL v. SYNCHRONY BANK, - Complaint for Damages*

1   d.  As to the Second Cause of Action, $500 in statutory damages for each and every

2       one of Defendant's negligent violations of 47 U.S.C. §227(b)(1), pursuant to 47

3       U.S.C. § 227(b)(3)(B);

4   e.  As to the Second Cause of Action, injunctive relief prohibiting such conduct in the

5       future pursuant to 47 U.S.C. § 227(b)(3)(A);

6   f.  As to the Third Cause of Action, $1,500.00 in statutory damages for each and

7       every one of Defendant's one-hundred (100) knowing and/or willful violations of

8       47 U.S.C. § 227(b)(1) totaling in excess of $150,000.00 for said willful and/or

9       knowing 100+ violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C).

10  g.  For such other and further relief as the Court may deem just and proper.

11

12  Dated: January 13, 2021            By:    /s/ Ahren A. Tiller
                                              Ahren A. Tiller, Esq.
13                                            BLC Law Center, APC
                                              Attorneys for Plaintiff
14                                            MICHAEL PIERCEALL

*PIERCEALL v. SYNCHRONY BANK, - Complaint for Damages*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands a trial by jury on all issues triable by jury.


Dated: January 13, 2021                    By:      */s/ Ahren A. Tiller*
                                                     Ahren A. Tiller, Esq.
                                                     BLC Law Center, APC
                                                     Attorneys for Plaintiff
                                                     MICHAEL PIERCEALL